RECEIVED
USDC. CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

2009 FEB -6  P 12: 40

| | |
|---|---|
| DEBRA J. ROACH, | )    C/A 2:07-0136-MBS-BM |
| | )    C/A 2:07-1574-MBS-BM |
|         Plaintiff, | ) |
| | ) |
|         v. | )   **REPORT AND RECOMMENDATION** |
| | ) |
| DR. ROBERT GATES, | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
|         Defendant. | ) |

Plaintiff filed Civil Action Number 07-136, pro se, asserting claims of employment

discrimination.  Plaintiff subsequently filed a second case, Civil Action Number 07-1574, setting

forth the same claims against the same Defendant.  By Order filed September 25, 2007, these cases

were consolidated.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56,

Fed.R.Civ.P., on August 4, 2008. Although originally proceeding pro se, Plaintiff is now represented

by counsel.  Therefore, no Roseboro order was issued.  After receiving an extension of time to

respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on September 19,

---

[1]Plaintiff, a federal employee, filed her first case (07-136) alleging employment
discrimination after receiving a final order from the United States Merit Systems Protection Board
(MSPB).  That order notified Plaintiff of her right to review by either the Equal Employment
Opportunity Commission (EEOC) or through judicial action in United States District Court.  See
Answers to Local Civil Interrogatories, pp. 1-2.  Through her initial filing (07-136), Plaintiff was
apparently exercising her right to judicial action.  However, Plaintiff's second filing (07-1574)
appears to be a result of Plaintiff having also exercised her right to administrative review by filing
an appeal with the EEOC, as Plaintiff's second complaint seems to challenge the EEOC
determination.  See Complaint Attachment (Civil Action 9:07-cv-1574-MBS-BM).

1



2008.

Defendant's motion is now before the Court for disposition.[2]

### **Plaintiff's Allegations**

Plaintiff's two complaints, both filed pro se, offer little in the way of factual allegations for purposes of establishing exactly what Plaintiff's claims are. Her initial complaint, in Civil Action Number 07-136, alleges in toto:

> My statement of claim, is I was wrongfully terminated, for participating in protected activity and was denied full due process, and reasonable accommodations for my disability.

Plaintiff seeks reinstatement to her position with "full retirement entitlement . . . and benefits that is due to me . . . ."

In her second complaint, Civil Action Number 07-1574, Plaintiff alleges in toto:

> They failed to address my reasonable accommodations, under handicap discrimination. They incorrectly framed by claims all harassment issues were not addressed under the continuing harassment doctrine, the [ALJ] arbitrarily, picked certain claims to adjudicate but did not address all my claims. They did not consider evidence. I provide before the record closed that could have resulted in a favorable decision for me.

In this complaint, Plaintiff seeks "[t]o be made whole, compensatory damages and attorney's fees."

In responses to court ordered interrogatories, Plaintiff states that she was terminated from her position as a civilian pay technician on February 16, 2006 for failing to comply with a direct order, failure to follow instructions, and providing false information. Plaintiff states that she appealed her removal to the merits systems protection board, but that her appeal was denied. Plaintiff

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



also references prior EEOC cases she had filed with the Secretary of the Defense, one in February 2002 and the other in May 2004, both of which she contends were settled, and also references a "Notice of Occupational Disease and Claim for Compensation" she filed with the United States Department of Labor in November 2005, which was dismissed by an Administrative Law Judge. <u>see Response to Court Ordered Interrogatories</u> filed August 15, 2007 in Civil Action No. 07-136. Plaintiff further alleges that she was discriminated against on the basis of her race (African American), that she was retaliated against, and that she was subjected to a hostile work environment based on various actions going back to September 2004, and continuing through December 2005. <u>see</u> <u>Answers to Court Ordered Interrogatories</u> filed August 24, 2007 in Civil Action No. 07-1574, at pp. 2-7.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case[3], <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction

---

[3]Although Plaintiff is now represented by counsel, since she was <u>pro</u> <u>se</u> when she filed both of her complaints as well as her interrogatory responses, the undersigned has liberally construed these filings.

3



does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990)

## I.

### (Disability Claim)

Plaintiff's disability allegations are considered under the Rehabilitation Action of 1973, 29 U.S.C. § 791, <u>et</u> <u>seq</u>., which provides that no "otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." <u>See</u> 29 U.S.C. § 794. As a federal employee, Plaintiff was entitled to protection under the Rehabilitation Act, with claims under that Act considered in conjunction with the standard set forth for claims against private employers through the Americans with Disabilities Act (ADA). <u>Myers v. Hose</u>, 50 F.3d 278, 281 (4th Cir. 1995)[Whether suit is filed against a federally funded entity under the Rehabilitation Act or against a private employer under the ADA, the substantive standards for determining liability are the same].

Both the Rehabilitation Act and the ADA require exhaustion of administrative remedies prior to proceeding with a federal lawsuit, and Defendant argues in its brief that Plaintiff failed to exhaust her administrative remedies with respect to any disability claim, resulting in her disability claim being subject to dismissal. The undersigned agrees. The record before this Court reflects that Plaintiff filed two formal complaints of discrimination with the Defendant's EEO office. <u>see</u> <u>Defendant's Exhibits</u> 1, 3. Her first complaint, dated September 13, 2004, asserts that she had

4



been retaliated against for engaging in protected activity when she was given a letter of warning on July 29, 2004.  see Defendant's Exhibits 1-2.  The second complaint, dated December 13, 2004, asserts that Plaintiff had been retaliated against for prior protected activity and subjected to a hostile work environment based on four incidents which occurred from August through October 2004. see Defendant's Exhibits 3-4.  Neither of these administrative complaints mentions any claims of discrimination based on disability, and Defendant further argues that no disability claims were examined as part of the administrative investigation of Plaintiff's complaints. See Defendant's Exhibit 4.

For her part, Plaintiff in her memorandum opposing summary judgment does not even mention any claim based on disability, other than to state that Plaintiff had alleged in her complaint and interrogatory responses that the Defendant had, inter alia, failed to provide reasonable accommodations for a disability.  see Plaintiff's Memorandum, p. 2.  No where else in her seventeen (17) page Memorandum does Plaintiff even mention a disability claim, set forth the basis for a disability claim, or address the Defendant's arguments that she failed to exhaust her administrative remedies with respect to a disability claim.[4]

Claims of unlawful discrimination by federal employees may not be entertained in the federal courts unless the employee has first exhausted the administrative process provided by federal

---

[4]Although Plaintiff has submitted voluminous exhibits as attachments to her memorandum opposing summary judgment, she has (as noted) failed to identify where in those exhibits there is any evidence to support her disability claim, or which would prevent this claim from being dismissed on summary judgment.  Rule 56 does not impose upon the District Court a duty to sift through the record in search of evidence to support a litigant's arguments on summary judgment. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 115 S.Ct. 195 (1994); Malina v. Baltimore Gas & Elec., 18 F.Supp.2d 596, 604 (D.Md. 1998); Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir. 1993), cert. denied sub nom, Price v. City of Charlotte, 420 U.S. 1116 (1997).

5



statute. <u>Brown v. GSA</u>, 425 U.S. 820, 832 (1976); <u>C.f.</u> <u>Bryant v. Bell Atlantic Maryland, Inc.</u>, 288 F.3d 124, 132 (4th Cir. 2002). As Plaintiff has failed to provide any evidence of exhaustion to this Court, or even provide any argument to show why this claim is not subject to summary judgment, Plaintiff's disability claim should be dismissed.

## II.

### (Retaliation Claim)

Plaintiff asserts in her Complaint that she was wrongly terminated as a result of her participation in protected activities. These "protected activities" include both asserting her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, <u>et</u> <u>seq.</u>, as well as participation in union activities. Defendant asserts that is it entitled to dismissal of these claims because (1) Plaintiff has failed to show any causal connection between her having engaged in activity protected by Title VII and her termination, and (2) she has also failed to produce any evidence to show that she exhausted the grievance procedure which is a necessary prerequisite to any civil court action arising out of a collective bargaining agreement.

**Title VII Retaliation Claim**. With regard to Plaintiff's Title VII retaliation claim, section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a)[setting forth the standard for a retaliation claim], provides as follows:

> It shall be an unlawful practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicants for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

6



Retaliation cases under Title VII are subject to the same requirements of proof as are applicable to disparate treatment claims. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985) overruled on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); see also Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989). "The employee is initially required to establish a prima facie case of retaliation by a preponderance of the evidence. Such a prima facie case consists of three elements: (1) the employee engaged in protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action." Id.; Munday v. Waste Management of North America, Inc., 126 F.3d 239, 242 (4th Cir. 1997). Once a prima facie case has been presented, the Defendant employer has the burden of producing a legitimate, non-discriminatory reason for its actions. If the employer can produce a legitimate, non-discriminatory reason for its actions, the employee must then demonstrate that the Defendant's proffered reason is pretextual. Id.

Defendant does not dispute the first two elements of Plaintiff's prima facia case: that she engaged in protected activity by contacting an EEO counselor and that her termination constitutes an adverse employment action. However, Defendant argues that Plaintiff has failed to show any causal connection between these two events. Plaintiff contends, however, that her contacting of the EEO counselor on July 30, 2004 (the only EEO protected activity acknowledged by the Defendant) was not her only protected activity. Rather, Plaintiff also contends that her having contacted an EEO counselor in 1997, 1998, 2001, and 2002 all also constituted protected activity.[5] Plaintiff also

_____

[5]The history of these previous contacts is as follows: Plaintiff contacted an EEO counselor in 1997 concerning alleged disparate treatment, but subsequently dropped this complaint. Plaintiff contacted an EEO counselor again in 1998 and then filed a discrimination complaint, which was
(continued...)



contends that her termination was not the only adverse employment action she suffered, citing to six

other specific incidents in her brief.  See Plaintiff's Brief, pp. 7-10.[6]

   With respect to the EEO complaint Plaintiff filed following her receipt of the letter

of warning on or about July 29, 2004, Defendant argues that Plaintiff cannot show a causal

connection between this protected activity and her subsequent termination in February in 2006,

because almost sixteen months time expired between these two events.  Clark County School District

v. Breeden, 532 U.S. 268, 273-274 (2001)[Adverse action taken twenty months after employee's

---

[5](...continued)

settled before the scheduled hearing.  The complaint was then withdrawn on or around February 28, 2002.  Plaintiff again contacted an EEO counselor in 2001 and filed a discrimination complaint based on a proposed three day suspension.  This employment action was subsequently mitigated down to a letter of warning.  Finally, Plaintiff contacted an EEO counselor in 2002 and filed a complaint concerning her not having received an award.  This complaint was settled on or around May 7, 2004. See Plaintiff's responses to Defendant's reissued interrogatories, No. 6 (Exhibit D); see also Plaintiff's Memorandum in Opposition to Summary Judgment, pp. 6-7.

[6]The first of these purported adverse employment actions is the letter of warning Plaintiff received on or about July 29, 2004, which was the basis for her then contacting an EEO counselor. It is unclear how that letter itself constitutes retaliation, unless Plaintiff is contending that it was in retaliation for her previous EEO activity dating back to 1997.  In any event, that was not a retaliation claim considered by the EEOC, and is therefore not properly before this Court as a retaliation claim. Further, to the extent any of the other examples or incidents cited by the Plaintiff in her brief were not encompassed in the claims considered by the EEOC, they are not properly before this Court for consideration.  See Defendant's Exhibits 2 (Description of claims considered by the EEOC) and 4 (Administrative Decision).  Plaintiff may not now change her claims, or add new theories of liability. See Marshall v. Federal Exp. Corp., 130 F.3d 1095, 1098 (D.C.Cir. 1997) ["[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to timely file the EEOC charge."] (quoting Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989)); Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000) [EEOC charge "defines the scope of [a plaintiff's] subsequent right to institute a civil suit"]; Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999) [a Title VII claimant must first exhaust administrative remedies with regard to their claim before filing the claim in federal court]; Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005).



protected activity suggests no causality by itself]; see also Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 232 (4th Cir. 2006)[Three to four month period between protected activity and termination too long to establish a causal connection by temporal proximity alone]; Parrott v. Cheney, 748 F.Supp. 312, 318 (D.M. 1989)[Passage of five months between the filing of EEO complaint and the adverse employment action enough to negate causal connection absent additional evidence]. Plaintiff contends, however, that her termination was merely the culmination of the Defendant's retaliatory actions, claiming (with respect to her exhausted allegations) that she was also charged with being absent without leave in August 2004; was charged with disruptive workforce behavior, denied representation, access to her work site, assistance by the local security office, and placed on administrative leave in September 2004; [Bray Deposition, Ex. 6, Bates No. 1061, Court Docket No. 61-2, p. 69]; and was given a letter of proposed removal in October 2004. [Bray Deposition, pp. 115-131, Ex. 4, Court Docket No. 61-2, pp. 60-67). Plaintiff was also suspended from work until April 19, 2005, and was thereafter issued a notice of proposed removal on December 22, 2005, eight months later, following additional problems with her supervisor, Leann Bray. Bray Deposition, pp. 131-132, Exhibits 11 and 13. Bates 389-392. Bray was the same individual who had issued Plaintiff the letter of warning on July 29, 2004.

Based on the specific fact situation presented in this case, and the more or less continuing conflict Plaintiff was having with her supervisors(s) leading up to her termination, the undersigned does not find that causality should be denied based on the amount of time that expired between Plaintiff's initial contact with the EEO counselor and her ultimate termination alone. Cf. Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago, 104 F.3d 1004, 1013 (7th Cir. 1997)[noting that "suspicious timing does constitute circumstantial . . . evidence to support



a claim of discrimination"]; <u>Pantoja v. American NTN Bearing Mfg. Corp.</u>, 495 F.3d 840, 850 (7th

Cir. 2007) [Timing was "suspicious enough to suffice to support [ ] prima facie case."]; <u>Texas Dep't</u>

<u>of Community Affairs</u>, 450 U.S. 253 (1981)[the burden of establishing a prima facie case is not

onerous].  However, even assuming for purposes of summary judgment that Plaintiff has established

her <u>prima facie</u> case of retaliation, the Defendant has set forth legitimate, non-discriminatory reasons

for the actions taken.[7]

        Defendant's evidence reflects that Plaintiff's charge for being absent without leave

in August 2004 was as a result of Plaintiff failing to inform Bray that she would not be coming to

work on August 30, 2004, when she in fact did not appear for work.  <u>Bray Deposition</u>, pp. 105-109.

The administrative record reflects that Plaintiff also did not return to work after lunch the following

day.  <u>Defendant's Exhibit</u> 4, Bates No. 387-388, p. 7.  Defendant's evidence reflects that the incidents

from September 2004 arose out of disputes Plaintiff was having with Bray, during which Defendant

contends Plaintiff was insubordinate and uttered threats against her supervisor and coworkers,

---

[7]The Court's analysis of Plaintiff's allegations is complicated by the "bare bones" way Plaintiff presented her claims in her Complaints, as well as by how these claims have been addressed by the parties in their briefs.  A review of Plaintiff's EEOC record, including the decision, shows that Plaintiff's claims were primarily evaluated administratively under a hostile work environment standard, although her claim that the Defendant's actions were out of reprisal for previous protected conduct was also exhausted for purposes of this federal lawsuit.  The Defendant has likewise discussed the underlying merits of Plaintiff's allegations (except for the timeliness of her claims for causation purposes), as part of it's evaluation of Plaintiff's hostile work environment claim, while Plaintiff in her brief essentially discusses the Defendant's conduct as being retaliatory.  Therefore, since a hostile work environment claim is recognized as a separate and distinct discrimination claim that can be brought under Title VII; <u>see</u> <u>Ocheltree v. Scollon Productions, Inc.</u>, 308 F.3d 351, 356 (4th Cir. 2002), <u>rehearing</u> <u>en</u> <u>banc</u>, 335 F.3d 325 (4th Cir. 2003), <u>cert. denied</u>, 124 S.Ct. 1406 (2004); <u>Spicer v. Com.of Va. Dep't of Corrections</u>, 66 F.3d 705, 710 (4th Cir. 1995); <u>Brown v. Perry</u>, 184 F.3d 388, 393 (4th Cir. 1999); the undersigned has discussed Plaintiff's allegations and the Defendant's defenses thereto under both a retaliation analysis, as set forth hereinabove, as well as in a separate hostile work environment section.  <u>See</u> discussion, <u>infra</u>.



resulting in her being placed on administrative leave. Bray Deposition, pp. 115-131. This evidence reflects that Plaintiff's letter of proposed removal dated October 21, 2004, was based on Plaintiff's alleged misconduct during the September 2004 time frame. Bray Deposition, pp. 112-115, Ex. 4, Court Docket No. 61-2, pp. 60-67. Finally, Defendant's evidence reflects that Plaintiff's termination was a result of Plaintiff failing to perform work she was required to perform, failure to follow instructions, as well as engaging in activity deemed disruptive or improper. Bray Deposition, pp. 27-42, Exhibits 11, 13. This evidence is sufficient to establish a legitimate, non-discriminatory reason for the Defendant's actions, and Plaintiff must therefore present evidence of pretext in the making of these decisions in order to avoid summary judgment. See EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991) [The Defendant's burden is only one of production, not of persuasion].

In order to show pretext, Plaintiff must show that "but for" the Defendant's intent to retaliate against her because of her having engaged in protected activity, she would not have been subjected to the employment actions at issue. EEOC, 955 F.2d at 941; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234 (4th Cir. 1991). "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole... must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [retaliatory animus].'" LeBlanc v. Great American Insurance Co., 6 F.3d 836, 843 (1st Cir. 1993)(citing Goldman v. First Nat'l Bank, 985 F.2d 1113, 1117 (1st Cir. 1993)(quoting Connell v. Bank of Boston, 924 F.2d 1169, 1172, n. 3 (1st Cir. 1991), cert. denied, 111 S.Ct. 2828 (1991)); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141-143 (2000). Plaintiff has failed to present any such evidence.

With respect to Plaintiff having been charged with AWOL for being absent in August 2004, Plaintiff does not dispute that she failed to call the office when she was not going to come to



work.  While Plaintiff contends that she was not required to call in, citing to pages 105 through 113

of Bray's deposition and Exhibit 2 thereto as support for this assertion, this evidence does not

confirm  Plaintiff's contention that she was not required to call and let her supervisor know she

would not be coming to work, as she asserts.  Further, even assuming for purposes of summary

judgment that there is a legitimate dispute as to whether she was required to call Bray, that does not

create a genuine issue of fact with respect to Plaintiff's Title VII retaliation claim.  Rather, Plaintiff

must present evidence to show that Bray having charged Plaintiff with being AWOL was a result of

Plaintiff having engaged in protected EEO activity, not because of some other reason.  The same

standard applies to Plaintiff's other claims of mistreatment,[8] such as not having a reserved carpool

space, about use of her cell phone, and other such complaints including Plaintiff's suspension based

on allegations of misconduct stemming from the September 2004 time frame as well as her

termination.  Plaintiff has presented no evidence to show that these employment actions were a result

of her having engaged in protected activity.

        The findings from Plaintiff's administrative proceeding are that, during September

2004, Plaintiff was insubordinate, made unfounded allegations against her supervisor, and uttered

threats against her supervisor and coworkers, including that she was going to "whip" and "take

down" certain individuals.  Defendant's Exhibit 4, Bates No. 388, p. 9; see also Bray Deposition, pp.

115-131, Exhibit 4.  Plaintiff thereafter filed a formal complaint of discrimination on December 14,

2004.  The administrative findings from Plaintiff's EEO case further reflect that, after Plaintiff

returned to work from her suspension, she "engaged in an intensive e-mail campaign to document

---

        [8]It is noted that many of Plaintiff's allegations also relate to Plaintiff's cause of action
regarding participation in union activities, which is discussed separately herein, infra.



every single situation where she initiated a dispute with her supervision", sending these e-mails to her entire supervision team up through the senior executive service at company headquarters. The administrative findings also reflect that Plaintiff received a directive to complete a "debt list", and was advised that if she did not complete her debt list appropriate disciplinary action might be taken. While the average time required to complete a debt list by employees was found to be two weeks, Plaintiff never completed her list at all, resulting in another technician having to perform this work. Id, at Bates No. 391-392. Plaintiff was subsequently terminated.

While this Court is not bound by the conclusions reached by the administrative agency[9], Plaintiff has provided no evidence to dispute that she failed to complete the debt inventory as instructed, that she engaged in the e-mail campaign cited in the administrative record, or to dispute the other evidence before this Court showing that she was in general a difficult employee to deal with. While Plaintiff may (and indeed does) disagree with the personnel actions taken and with the conclusions reached in her administrative proceedings, in order to succeed on her Title VII retaliation claim, Plaintiff's evidence must show that the reason she was disciplined or terminated was because she pursued EEO claims against the Defendant, not because the Defendant made a mistake, was incorrect in its findings concerning Plaintiff's employment, or even that her supervisor just did not like her. See generally, Jamil v. Secretary Dep't of Defense, 910 F.2d 1203, 1207-1208 (4th Cir. 1990); Holder v. Raleigh, 867 F.2d 823, 828 (4th Cir. 1989); Crowley v. Prince George's County, 890 F.2d 683, 687 (4th Cir. 1989), cert. denied, 111 S.Ct. 101 (1992); McCollum v. Bolger, 794 F.2d 602,

_____

[9]See Laber v. Harvey, 438 F.3d 404, 423 (4th Cir. 2006)["Thus, the employing agency cannot challenge issues decided against it if the Plaintiff does not seek de novo review. However, a Plaintiff is entitled to a de novo hearing if one is requested. Chandler v. Roudebush, 425 U.S. 840, 861-64 (1976). In such a case, the district court is not bound by the administrative findings."]; McNeely v. Potter, No. 05-92, 2006 WL 1697193 at * 4 (M.D. Tenn. June 14, 2006)[same].



610 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987); see generally Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1323, n. 4 (11th Cir. 1982); Jones v. Orleans Parish School Board, 679 F.2d 32, 38 (5th Cir. 1982), cert. denied, 461 U.S. 951 (1983); North Carolina Dep't of Corrections v. Gibson, 301 S.E.2d 78, 85 (N.C. 1983); Sullivan v. River Valley School District, 197 F.3d 804, 815 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000) ["Without a showing that those other reasons were discriminatory, [Plaintiff] cannot establish a prima facie case for relief....]; Kariotis v. Navistar Intern. Transp. Corp., 131 F.3d 672, 680 (7th Cir. 1997) ["Discrimination statutes allow employers to discharge employees for almost any reason whatsoever (even a mistaken but honest belief) as long as the reason is not illegal discrimination. Thus when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection."]; see Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). Cf. Rudolph v. Hechinger, 884 F.Supp. 184, 188 (D.Md. 1995) ["Title VII (does) not protect against unfair business decisions - only against decisions motivated by unlawful animus"], citing Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1257 (5th Cir. 1977). Plaintiff has failed to present any such evidence.

Plaintiff's argument is essentially that, because these employment actions and decisions occurred during a period of time when she was also making complaints to EEO counselors and filing EEO complaints, the Defendant's actions constituted unlawful retaliation. That is simply not the standard for a Title VII retaliation claim, for if it were, then any employee who engaged in protected activity would thereafter be shielded from normal workplace discipline. While Plaintiff obviously believes she was dealt with unfairly, and indeed the undersigned makes no finding as to whether the discipline meted out to her was appropriate, Plaintiff has simply provided no evidence



to support her general and conclusory allegations that the *reason* she received these adverse employment actions was because she filed EEO complaints or otherwise engaged in activity protected by Title VII. Plaintiff is not guaranteed a work environment free of stress, dissatisfaction with work assignments, or difficult or unpleasant working conditions, just because she has pursued an EEO claim; Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994); Hopkins v. Baltimore Gas and Electric Co., 871 F.Supp. 822, 836 (D.Md. 1994), aff'd 78 F.3d 745 (4th Cir. 1996), cert. denied, 117 S.Ct. 70 (1996) [finding that "many of [Plaintiff's] allegations can be attributed to an increase of predictable tension in an office after a discrimination charge is filed. This is not adverse employment action."]; Geisler v. Folsom, 735 F.2d 991, 994 (6th Cir. 1984); see also Manning v. Metropolitan Life Ins. Co., Inc., 127 F.3d 686, 692 (8th Cir. 1997) [evidence of employer hostility, disrespect, and ostracism towards employee insufficient to demonstrate an "adverse employment action that constitutes the sort of ultimate employment decision intended to be actionable under Title VII"]; Cooper v. Southern California Edison Co., 170 Fed.Appx. 496, 498 (9th Cir. 2006) ["[A]ny potential ridicule and ostracism (plaintiff) suffered was not an adverse employment action."]; Manatt v Bank of America, 339 F.3d 792, 803 (9th Cir. 2003) [Allegations that plaintiff's supervisor stared at her in an angry way and that co-workers were being mean to her were insufficient to show an adverse employment action]; *Cf.* Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir. 1994) [a "bruised ego" is not enough]; and the mere fact that Plaintiff engaged in protected activity does not immunize her from actions by her employer which may otherwise be justified by her work record or performance. Ross, 759 F.2d at 366 ["Title VII serves the laudable goal of protecting employee access to agencies and courts. It does not shield employees from normal sanctions for misconduct."];

15



Bodoy v. North Arundel Hospital, 945 F.Supp. 890, 898 (D.Md. 1996).[10]

In sum, Plaintiff has simply offered no evidence to show that any of the actions she complains about were in retaliation for her having engaged in protected activity other than her own unsubstantiated speculation. Plaintiff cannot defeat a properly supported motion for summary judgment with unsupported speculation or allegations of discrimination or retaliation; Ross, 759 F.2d at 365; Felty v. Graves-Humphreys, Co., 818 F.2d 1126, 1128 (4th Cir. 1987); nor may she "create a genuine issue of fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Plaintiff's own self-interested statements as to what she believed or perceived are not sufficient evidence to maintain this claim. McNairn v. Sullivan, 929 F.2d 974 (4th Cir. 1991); Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980); Komel

---

[10]As part of the arguments presented in her memorandum, Plaintiff asserts that she was forced to use annual leave instead of other administrative leave to meet with her attorney, which she believes was both retaliatory and protected activity. However, Plaintiff has not provided the Court with evidence of this assertion to support her claim, and mere statements by counsel in a brief do not constitute evidence for purposes of consideration of a summary judgment motion. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs or at oral argument are not evidence for the purpose of supporting or opposing a motion for summary judgment]; Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. The only exhibits Plaintiff references are her own attorney's letters to the Defendant claiming that the Defendant is violating a "policy"; see Bray Deposition, Exhibits 4, 7, 15, 16, 31, and 32; which is not proof of anything. See also Court Document No. 61-2, pp. 83-84. For its part, Defendant has provided testimony from Plaintiff's supervisor that Plaintiff frequently requested time to meet with her attorney and that notice was often given at the last minute. Bray Deposition, pp. 145-148.

In any event, Title VII does not have an express provision granting administrative leave for trial preparation or to prepare a discrimination case, so even if this assertion is true it would not in and of itself constitute a violation of Title VII. Jones v. Babbitt, 52 F.3d 279, 282 (10th Cir. 1995); Moore v. Summers, 113 F.Supp. 2d 5 at ** 28-29 (D.D.C. 2000); Davis v. Bolger, 496 F.Supp. 559, 563-566 (D.D.C. 1980). Accordingly, even though consulting with legal counsel can be protected activity, Plaintiff has not shown a violation of Title VII because she has failed to show a discriminatory animus regarding her leave requests, nor has she provided copies of any violated agency policy to support her claim.



v. Jewel Cos., 874 F.2d 472, 475 (7th Cir. 1989); Williams, 871 F.2d at 456 (citing Gairola v.

Virginia Dep't of General Servs., 753 F.2d 1281, 1288 (4th Cir. 1985)); United Black Fire Fighters

of Norfolk v. Hirst, 604 F.2d 844 (4th Cir. 1979). See Rule 56, Fed.R.Civ.P.; Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986); Felty, 818 F.2d 1129-1130; Gairola, 753 F.2d at 1288, n.4.

Therefore, Plaintiff's Title VII retaliation claim is without merit and should be dismissed.

**Union Activity Retaliation Claim**.  Plaintiff also asserts numerous allegations

relating to her Union activities, including that she was denied rights to which she was entitled under

her collective bargaining agreement, as well as that she was retaliated against for engaging in union

activity.  Specifically, Plaintiff alleges that she was not allowed union representation during

grievance procedures and/or meetings with supervisors concerning her work performance, that she

was not allowed to come to the Defendant's facility to conduct union business during her suspension

period, and that she was not allowed to submit statements and witnesses on her behalf concerning

the allegations brought against her as required by the collective bargaining agreement.

As part of her allegations, Plaintiff specifically asserts that the Defendant's conduct

was in violation of her rights under NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975), which held

that an employee has a right to union representation at any investigatory interview threatening

disciplinary action, and that an employer commits an unfair labor practice by denying an employee's

requests for such representation. Weingarten, 420 U.S. at 253.  However, Defendant correctly notes

that the National Labor Relations Board (NLRB) is vested with primary jurisdiction to determine

what constitutes an unfair labor practice. See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83 (1982);

S. D. Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959).  "[J]udicial review of such

practices is appropriate only after full exhaustion of administrative remedies before the [NLRB]."



17

<u>Black v. Reno</u>, No. 99-2704, 2000 WL 37991 at **9-10 (S.D.N.Y. Jan. 18, 2000).  There is no evidence to show, and indeed Plaintiff does not even assert, that she has exhausted her NLRB administrative remedies.  Therefore, to the extent Plaintiff is asserting a <u>Weingarten</u> claim in this lawsuit, it is subject to dismissal.

   The Defendant further argues, and the undersigned agrees, that federal labor law generally requires employees to exhaust any grievance procedure provided in the union's collective bargaining agreement before asserting a contract grievance against their employer in federal court, and that where a discharged employee resorts to the courts before these grievance procedures have been fully exhausted, the defendant employer may defend on the ground that the exclusive remedies provided by the collective bargaining agreement have not been exhausted.  <u>See</u> <u>Vaca v. Sipes</u>, 386 U.S. 171, 184 (1967)[where employee's claim is based upon breach of the collective bargaining agreement, they are "bound by terms of the agreement which govern the manner in which contractual rights may be enforced.  For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established in the bargaining agreement"]; <u>Seborowski v. Pittsburgh Press Co.</u>, 188 F.3d 163, 168 (3rd Cir. 1999).  Further, where a collective bargaining agreement's procedures are followed, the results reached are generally final and binding unless the employee can show that the union breached its duty of fair representation in processing the grievance.  <u>Weber v. Potter</u>, 338 F.Supp. 2d 600, 606 (E.D.Pa. 2004); <u>Griesmann v. Chemical Leaman Tank Lines, Inc.</u>, 776 F.2d 66, 72-73 (3rd Cir. 1985); <u>DelCostello v. Int'l Brotherhood of Teamsters</u>, 462 U.S. 151, 163 (1983).

   Here, Plaintiff has produced no evidence that she has exhausted the administrative remedies available to her under her collective bargaining agreement, and indeed she does not even



argue that she has done so.  Rather, Plaintiff argues that she waived her rights to pursue a union grievance by filing her MSPB appeal, which (Plaintiff asserts) in effect constitutes an exhaustion of her administrative remedies.  While Defendant disputes this claim, this question is not resolvable based on the evidence provided to this Court, as neither party has submitted the collective bargaining agreement as an exhibit, and therefore this Court has no way of knowing what it provides.  Generally, "federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as a mode of redress."  Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965); see also O'Connell v. Howe, 22 F.3d 463, 468 (2d Cir. 1994)[holding that grievance procedures in applicable collective bargaining agreement provide Plaintiff's exclusive remedy, and  affirming dismissal for lack of subject matter jurisdiction].  However, there are some exceptions to this general rule; see 5 U.S.C. § 7121 (a)(1); and additionally a collective bargaining agreement may exclude some claims from the application of the grievance procedures in toto.  See 5 U.S.C. § 7121 (a)(2).

Therefore, Defendant's motion for summary judgment with respect to Plaintiff's union activity claim (other than any claims covered by Weingarten) should be dismissed at this time, without prejudice.  Defendant may then file a new motion for summary judgment with respect to those claims.[11]  However, if Defendant does so, the collective bargaining agreement should be submitted as an exhibit, and both parties should further specifically address whether these claims are excluded from the CBA's grievance requirements, citing the appropriate statutes and any applicable

---

[11]If Defendant contends that, upon dismissal of Plaintiff's discrimination claims (which would not necessarily have to be pursued under the CBA; see 5 U.S.C. § 7121 (a)(1)) and any claims assertable under Weingarten, Plaintiff has no other remaining claims, then it should make that argument in any  objections filed to this Report and Recommendation.



case law.

## III.

### (Hostile Work Environment Claim)

Plaintiff also claims that the way she was treated by the Defendant, all as is previously discussed herein <u>supra</u>, subjected her to a hostile work environment in violation of Title VII.  To establish a hostile work environment claim, Plaintiff must present evidence to prove the following elements: 1) she was subjected to unwelcome conduct in a work related setting; 2) the conduct complained of was based on her race; 3) the conduct was sufficiently severe or pervasive to alter her condition of employment and to create an abusive work environment; and  4) the conduct is imputable on some factual basis to her employer. <u>Ocheltree</u>, 308 F.3d 351, 356, <u>rehearing en banc</u>, 335 F.3d 325 (4th Cir. 2003), <u>cert. denied</u>, 124 S.Ct. 1406 (2004); <u>Spicer</u>, 66 F.3d 705, 710; <u>Brown</u>, 184 F.3d 388, 393.

Plaintiff's hostile work environment claim  fails for the same reason as her retaliation claim; that is, she has failed to present any evidence to show that the conduct complained of was based on a racial animus, just as she has failed to show that the conduct complained of was based on a retaliatory animus.  Indeed, while Plaintiff generally complains about her treatment, she fails in her brief opposing summary judgment to point to *any* evidence of racially offensive conduct, statements, or other indicia of a racial animus on the part of any employee of the Defendant.  <u>See</u> <u>Bolden v. PRC, Inc.</u>, 43 F.3d 545, 551 (10th Cir. 1994), <u>cert. denied</u>, 516 U.S. 826 (1995) ["general harassment if not [based on a protected criteria] is not actionable"]; <u>Hopkins v. Baltimore Gas & Electric Co.</u>, 77 F.3d 745, 754 (4th Cir. 1996) ["Title VII was not designed to create a federal remedy for all offensive



language and conduct in the work place."].[12]

Therefore, even if Plaintiff had otherwise submitted sufficient evidence to establish the other three elements of her hostile work environment claim, she has nevertheless failed to satisfy her burden with respect to this cause of action. Norris v. City of Anderson, 125 F.Supp.2d 759, 769 (D.S.C. 2000) ["Since Plaintiff's allegation contains no [conduct prohibited by Title VII], it cannot be used to support his hostile work environment claim"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Beale v. Hardy, 769 F.2d at 214[A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."].; Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998) [conclusory statements, without specific evidentiary support, do not support a claim for discrimination]; Yarnevic v. Brink's Inc., 102 F.3d 753, 757-758 (4th Cir. 1996) [holding that remote inferences and conclusory allegations cannot defeat summary judgment]; Godoy v. Habersham County, No. 04-211, 2006 WL 739369 at *11 (N.D.Ga. Mar. 21, 2006). Therefore, this claim should be dismissed.

_____

[12]Defendant asserts in its brief that Plaintiff claimed at her deposition that some unnamed person made a racially tinged joke some time in 2004 (the specifics of which Plaintiff could not recall), but that she also conceded at her deposition that neither Bray nor any other person in her chain of command had ever said anything to her that was racially offensive or that indicated a racial bias or animus,  citing to Plaintiff's Deposition, pp. 180-182. However, the Defendant appears to have cited and submitted the incorrect pages of Plaintiff's Deposition to support this assertion, as the cited testimony is not contained in the pages submitted. See Plaintiff's Memorandum in Support of Summary Judgment, p. 19. In any event, even if (for purposes of summary judgment) the Court assumes a racially tinged joke was told by someone in 2004, that isolated event is not sufficient to maintain a hostile work environment claim. See Guidry v. Zale Corp., 969 F.Supp. 988, 990 (M.D.La. 1997) [isolated comments do not constitute severe or pervasive conduct]; Cram v. Lamson & Sessions, 49 F.3d 466, 474 (8th Cir. 1995) [sporadic or casual comments are unlikely to support a hostile work environment claim].



## <u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted** with respect to Plaintiff's Title VII claims as well as any labor claims otherwise assertable under <u>Weingarten</u>.  Defendant's motion with respect to any labor claims not barred by <u>Weingarten</u> should be **denied** at this time, without prejudice, in order to allow the parties to more fully brief that issue.

_____
Bristow Marchant
United States Magistrate Judge

February 6, 2009

Charleston, South Carolina



22