IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| DEBRA J. ROACH, | ) C/A 2:07-0136-MBS-BM |
| | ) C/A 2:07-1574-MBS-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| DR. ROBERT GATES, | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff filed Civil Action Number 07-136, pro se, asserting claims of employment discrimination. Plaintiff subsequently filed a second case, Civil Action Number 07-1574, setting forth the same claims against the same Defendant. By Order filed September 25, 2007, these cases were consolidated.[1]

Plaintiff was formerly employed as a civilian pay technician with the Defense Finance and Accounting Service (DFAS), an agency of the United States Department of Defense. Plaintiff

---

[1] Plaintiff, a federal employee, filed her first case (07-136) alleging employment discrimination after receiving a final order from the United States Merit Systems Protection Board (MSPB). That order notified Plaintiff of her right to review by either the Equal Employment Opportunity Commission (EEOC) or through judicial action in United States District Court. See Answers to Local Civil Interrogatories, pp. 1-2. Through her initial filing (07-136), Plaintiff was apparently exercising her right to judicial action. However, Plaintiff's second filing (07-1574) appears to be a result of Plaintiff having also exercised her right to administrative review by filing an appeal with the EEOC, as Plaintiff's second complaint seems to challenge the EEOC determination. See Complaint Attachment (Civil Action 9:07-cv-1574-MBS-BM).



1

was discharged from her position on February 19, 2006. Plaintiff's two complaints, both filed pro se, offer little in the way of factual allegations for purposes of establishing exactly what Plaintiff's claims are. Her initial complaint, in Civil Action Number 07-136, alleges in toto:

> My statement of claim, is I was wrongfully terminated, for participating in protected activity and was denied full due process, and reasonable accommodations for my disability.

Plaintiff seeks reinstatement to her position with "full retirement entitlement . . . and benefits that is due to me . . . ."

In her second complaint, Civil Action Number 07-1574, Plaintiff alleges in toto:

> They failed to address my reasonable accommodations, under handicap discrimination. They incorrectly framed my claims all harassment issues were not addressed under the continuing harassment doctrine, the [ALJ] arbitrarily, picked certain claims to adjudicate but did not address all my claims. They did not consider evidence. I provide before the record closed that could have resulted in a favorable decision for me.

In this complaint, Plaintiff seeks "[t]o be made whole, compensatory damages and attorney's fees."

In responses to court ordered interrogatories, Plaintiff states that she was terminated from her position as a civilian pay technician on February 16, 2006 for failing to comply with a direct order, failure to follow instructions, and providing false information. Plaintiff states that she appealed her removal to the merits systems protection board, but that her appeal was denied. Plaintiff also references prior EEOC cases she had filed with the Secretary of the Defense, one in February 2002 and the other in May 2004, both of which she contends were settled, and also references a "Notice of Occupational Disease and Claim for Compensation" she filed with the United States Department of Labor in November 2005, which was dismissed by an Administrative Law Judge. see Response to Court Ordered Interrogatories filed August 15, 2007 in Civil Action No. 07-136. Plaintiff further



2

alleges that she was discriminated against on the basis of her race (African American), that she was retaliated against, and that she was subjected to a hostile work environment based on various actions going back to September 2004, and continuing through December 2005. See Answers to Court Ordered Interrogatories filed August 24, 2007 in Civil Action No. 07-1574, at pp. 2-7.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 4, 2008. Although originally proceeding pro se, Plaintiff is now represented by counsel. Therefore, no Roseboro order was issued. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on September 19, 2008. On February 6, 2009, a Report and Recommendation was entered recommending that the Defendant be granted summary judgment on all of Plaintiff's discrimination claims as well as any union activity claims except for certain union activity claims being asserted by Plaintiff under her collective bargaining agreement (CBA).² That Report and Recommendation was adopted by Order of the Court filed March 6, 2009, and summary judgment was granted on all of Plaintiff's claims except as to the following union activity claims: that Plaintiff was not allowed to come to the Defendant's facility to conduct union business during her suspension period, and that she was not allowed to submit statements and witnesses on her behalf concerning the allegations brought against her as required by the collective bargaining agreement.³ See Report and Recommendation, pp. 17-19.

---

²In addition to discrimination claims, Plaintiff claims that the Defendant's actions were also in reprisal/retaliation for union related activities.

³ As part of her union allegations, Plaintiff argued that the Defendant's conduct was in violation of her rights under NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975), which held that an employee has a right to union representation at any investigatory interview threatening disciplinary action, and that an employer commits an unfair labor practice by denying an employee's requests for such representation. Weingarten, 420 U.S. at 253. The previously filed Report and Recommendation
(continued...)

3



The matter was then re-referred to the undersigned for consideration of those remaining claims.

An Order was thereafter issued establishing a briefing schedule for the parties with respect to these remaining claims, and on March 25, 2009, the Defendant filed a motion to dismiss Plaintiff's remaining union activity claim(s). After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition on April 28, 2009, together with additional attachments on April 29, 2009. Defendant's motion is now before the Court for disposition.[4]

**Discussion**

Although styled as a Rule 12 Motion to Dismiss, both parties have submitted numerous evidence and exhibits in support of, and opposition to, both the original motion for summary judgment and the new motion before the Court. Therefore, the undersigned has considered Defendant's motion under the standards for a Rule 56 motion for summary judgment. In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985); see also Rule 12(b)(6), Fed.R.Civ.P. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond

---

[3](...continued)
recommended dismissal of Plaintiff's Weingarten claim. Plaintiff did not file any objections, and the Defendant was granted summary judgment on that claim on March 6, 2009.

[4]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss and/or for summary judgment on Plaintiff's remaining claims. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

4



to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

As noted, pursuant to the previous Order granting summary judgment on the majority of Plaintiff's claims, the following union activity claims were left unresolved: that she was not allowed to come to the Defendant's facility to conduct union business during her suspension period, and that she was not allowed to submit statements and witnesses on her behalf concerning the allegations brought against her as required by the collective bargaining agreement. In support of summary judgment on these remaining union claims, the Defendant has submitted an affidavit from Mark Eickhoff, supervisory human resource specialist for the DFAS. Eickhoff attests that the "Defense Finance & Accounting Service Operating Location Multi-Unit Master Agreement (MUMA)" is the collective bargaining agreement applicable to the DFAS Charleston operating location, where Plaintiff was employed. A copy of this CBA is attached to Eickhoff's affidavit as Exhibit A. Eickhoff further attests that he is a subject matter expert regarding the CBA, and that he was the Defendant's Rule 30(b)(6) witness to testify in this case as the DFAS Agency Representative.

With respect to Plaintiff's claims that she was not permitted to go to the DFAS facility to conduct union business during the period she was on disciplinary suspension, and that she was not allowed to submit statements and witnesses on her behalf concerning the allegations brought against her, Eickhoff attests that the CBA provides the exclusive procedure for resolution of these complaints. Specifically, Article 39, § 2(B), provides that the "procedure contained herein [the grievance procedure set forth in the CBA] shall be the sole procedure available for resolution of grievances of employees . . . except as provided in § 4 of this Article."[5] Section 4 provides in part

---

[5]Another section of Article 39, § 3, also separately sets forth certain matters which are *excluded* from the grievance procedure, none of which are applicable to Plaintiff's claims.



that "[a]n employee alleging discrimination or affected by a removal or reduction in grade based on unacceptable performance, or an adverse action, may at his or her option raise the matter under the appropriate statutory appellate procedure or under the provisions of this Article, but not both." Eickhoff attests that neither of the Plaintiff's remaining claims fall under the option provided in § 4, and that Plaintiff did not otherwise initiate any grievance concerning these two issues.[6]

Plaintiff offers several responses to Defendant's arguments and evidence. Plaintiff initially disputes the very characterization of her union claims, stating that her arguments that she was not allowed to conduct union business or to submit statements and witnesses "more aptly fall within the category of evidentiary considerations, tending to prove generally, the Defendant's consistent and habitual history of disregarding the union rights of the Plaintiff", and that her union claim is actually that she was wrongfully terminated in violation of her rights under the CBA. Plaintiff's Brief, p. 4. This is a remarkable concession by the Plaintiff. Since the two union claims referenced hereinabove were the only union claims found to be remaining from Plaintiff's filing, and since Plaintiff now affirmatively states that these issues were not themselves substantive claims, but were merely complaints about how to the MSPB and/or EEOC *handled* her discrimination and/or unfair labor practice claims in reaching their administrative decisions, then the Defendant is entitled to summary judgment.

---

[6]Eickhoff attests that the fact that Plaintiff failed to file a grievance is confirmed by the ERCASES database, which records all grievances filed by employees. However, in an affidavit from William M. Roach (Plaintiff's husband) submitted by Plaintiff as Exhibit G to her response to the Defendant's motion to dismiss, Roach disputes Eickhoff's description of how the ERCASES database works, and even its existence, and attests that he assisted Plaintiff in filing a grievance pursuant to the CBA, Articles 38-41. Roach Affidavit, pp. 2-4. A copy of what is purported to be this grievance is attached to Roach's affidavit as Exhibit 4 (letter dated February 28, 2006). However, this document does not reference the specific union issues remaining for consideration before this Court.



6

Plaintiff also argues that she elected for various reasons to pursue the appellant procedural route specifically authorized under Article 39, § 4 of the CBA, by resorting to the filing of a timely appeal to the Merit Systems Protection Board (MSPB). Plaintiff has attached copies of relevant documents showing the exercise of her appeal rights. See Plaintiff's Exhibits A-E. Plaintiff therefore argues in her brief that she was not required to exhaust the CBA grievance procedure because she proceeded instead under § 4 of Article 39; Plaintiff's Brief, p. 2; Plaintiff's Exhibits B through E; with the Report and Recommendation of February 6, 2009 also specifically noting that Plaintiff, in response to the original motion for summary judgment filed in this case, argued that she had waived her rights to pursue a union grievance under the CBA by filing her MSPB appeal. Report and Recommendation, at p. 19. The Defendant is not disputing for purposes of summary judgment that Plaintiff pursued an MSPB appeal under § 4; however, as previously noted, Plaintiff now concedes that the allegations set forth herein were not substantive claims in that appeal for purposes of this lawsuit, but were merely complaints she had about how her administrative proceedings were handled. Therefore, since all other claims originally presented in her lawsuits have already been dismissed, the Defendant is again entitled to summary judgment.

Finally, to the extent Plaintiff is trying to now expand on her union claims in this action, by arguing that her union claim is actually that she was wrongfully terminated in violation of her rights under the CBA [Plaintiff's Brief, p. 4], her attempt to do so at this late date in this proceeding is not proper. The nature and substance of Plaintiff's remaining union claim(s) were previously discussed and established in the prior proceedings in this case, and the Defendant should not be subject, or be required to respond to, a "moving target" of claims from the Plaintiff. The Court has already discussed the bare bones Complaints filed by the Plaintiff, which did not address the

7



claim as now stated by the Plaintiff. Furthermore, in Plaintiff's response to Defendant's original motion for summary judgment, Plaintiff set forth her union claims under a single paragraph as a reprisal/retaliation claim - specifically titled, "DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF'S CLAIMS ASSERTING REPRISAL/RETALIATION FOR UNION RELATED ACTIVITIES." See Plaintiff's Memorandum in Opposition to Summary Judgment (filed on September 19, 2008), p. 16 [Emphasis in Original]. Plaintiff did not assert that she was pursuing a claim for wrongful termination in violation of her rights under the CBA in her memorandum of September 2008.

Furthermore, after the undersigned struggled through Plaintiff's filings to decipher what union retaliation claims were being pursued and specifically set out the three claims found in the Report and Recommendation of February 6, 2009, the Plaintiff did not file any objections or attempt to even argue that she was pursuing a different claim than those listed. After the Report and Recommendation was adopted by the District Court, the Defendant was then specifically instructed to address the only issues found to be remaining as outlined in that Report and Recommendation. Plaintiff cannot now re-cast her claim at this late date in an attempt to avoid summary judgment. Cf. Shackelford v. Courtesy Ford, Inc., 96 F.Supp.2d 1140, 1146 (D.Colo. 2000)[discussing sanctions where Defendant had to respond to new allegations raised in Plaintiff's response brief]; Kelly v. Olin, No. 06-2448, 2008 WL 650429 at *6 (D.Colo. Mar. 7, 2008); see also Greer v. Board of Education of the City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001)["[A] lawsuit is not a game of hunt the peanut. Employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are 'obligated in our adversary system to scour the record looking for factual disputes . . . '" (quoting Waldridge v. American Hoeschst Corp., 24 F.3d 918, 921-922 (7th Cir.



1993)].

## **Conclusion**

As was more fully set forth in the Report and Recommendation of February 6, 2009, all of Plaintiff's discrimination and union claims covered by that Order and her EEOC decision have already been dismissed, and Plaintiff now concedes that the only remaining issues to be discussed were not asserted as separate substantive claims in either her administrative proceedings or in these lawsuits. Therefore, it is recommended that the Defendant's motion for summary judgment on Plaintiff's remaining union activity claims be **granted,** and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

February 8, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

