IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Debra J. Roach, ) | |
| ) | C/A No. 2:07-0136-MBS |
| Plaintiff, ) | C/A No. 2:07-1574-MBS |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Dr. Robert Gates, Secretary of ) | |
| Defense, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## BACKGROUND

Plaintiff Debra J. Roach was employed as a civilian pay technician with the Defense Finance and Accounting Service, an agency of the United States Department of Defense. Plaintiff's employment was governed by a Collective Bargaining Agreement (CBA) denominated "Defense Finance & Accounting Service Operating Location Multi-User Master Agreement." Plaintiff was removed from her position on February 19, 2006 on the grounds that (1) she failed to follow instructions on October 18, 2005; (2) she provided false information to a supervisor on October 18, 2005; and (3) she failed to comply with a direct order on October 21, 2005. Plaintiff appealed the agency's decision to the Merit Systems Protection Board (MSPB). The MSPB denied her appeal and issued a final notification of appeal rights on December 13, 2006. Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC denied her claims and issued a final right-to-sue notification on March 6, 2007.

Plaintiff, who initially proceeded pro se, filed two complaints. In the first, filed January 16, 2007, Plaintiff alleged as follows:

> My statement of claim, is I was wrongfully terminated, for participating in protected activity, and was denied full due process, and reasonable accomadations for my disability.

C/A No. 2:07-0136, Entry 1, 3 (errors in original).

In the second complaint, filed June 6, 2007, Plaintiff, still proceeding pro se, alleged as follows:

> They failed to address my reasonable accomadation,, under handicap discrimination. They incorrectly framed by claims. All harrasment issues were not addressed under the continuing harrasment doctrine, the A.J. arbituraly, picked certain claims to adjecuate but didn't address all my claims. They did not consider evidence I provided before the record closed that could have resulted in a favorable decision for me.

C/A No. 2:07-1574, Entry 1, 3 (errors in original). Attached to the second complaint was the denial letter issued by the EEOC on March 6, 2007.

The cases were consolidated on September 25, 2007. Counsel made an appearance on behalf of Plaintiff on November 20, 2007. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge construed Plaintiff's first complaint as alleging that she was (1) denied reasonable accommodation for a disability; (2) retaliated against for asserting her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., (3) retaliated against because of her union activities, and (4) subjected to a hostile work environment. See generally Entry 63 in C/A No. 2:07-0136; Entry 54 in C/A No. 2:07-1574. The Magistrate Judge construed the second complaint as an appeal of the EEOC administrative proceedings. See Entry 63, n.1 in C/A No. 2:07-136; Entry 54, n.1 in C/A No. 2:07-1574. Of significance to the within order is Plaintiff's third claim, i.e., that she was retaliated against because of her union activities.

On August 4, 2008, Defendant filed a motion for summary judgment in each case, to which

Plaintiff filed a memorandum in opposition on September 19, 2008. Defendant asserted, among other things, that Plaintiff had failed to follow the grievance procedures set forth in the CBA with respect to her union activities claims, and thus was barred from asserting these claims. See Entry 57-1, 12 in C/A No. 2:07-0136; Entry 48-1, 12 in C/A No. 2:07-1574 (citing Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 168 (3d Cir. 1999) (noting that, in general, "federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as a mode of redress") (internal quotation omitted)). In response, Plaintiff contended that she was not required to utilize the CBA grievance procedures because she had appealed her termination to the MSPB. According to Plaintiff, she had raised in the MSPB appeal "those matters that she now alleges to be the result of Defendant's denial of Plaintiff's due process rights, retaliation for engaging in protected activity and failure to accommodate Plaintiff's disability." Entry 61, 16 in C/A No. 2:07-0136; Entry 52, 16 in C/A No. 2:07-1574. Plaintiff argued that she waived her right to pursue a union grievance by filing the MSPB appeal, and thus exhausted her administrative remedies when she received her decision from the MSPB, thereby creating a right of appeal to the district court. Id.

On February 6, 2009, the Magistrate Judge issued a joint Report and Recommendation in C/A No. 2:07-0136 and C/A No. 2:07-1574. Pertinent to the within discussion, the Magistrate Judge determined that Plaintiff had identified her union activities to be (1) Plaintiff's allegation that she was not allowed to come to Defendant's facility to conduct union business during her suspension period, and (2) Plaintiff's allegation that she was not allowed to submit statements and witnesses on

her behalf concerning the allegations brought against her as required by the CBA.[1] Entry 63, 17 in C/A No. 2:07-0136; Entry 54, 17 in C/A No. 2:07-1574; see Entry 61, 11-12 in C/A No. 2:07-0136 (Plaintiff's listing of protected activities in which she allegedly engaged; specifically paragraphs 3, 6 for relevant union activities); Entry 52, 11-12 in C/A No. 2:07-1574 (same). The Magistrate Judge noted that federal labor law generally requires that a union employee exhaust the grievance procedures provided in a collective bargaining agreement before asserting a claim against the employer in federal court. The Magistrate Judge noted, however, that there are exceptions to the general rule, and that the collective bargaining agreement itself may exclude some claims from application of grievance procedures. The Magistrate concluded that he was unable to discern whether the grievance procedures in the CBA were applicable in this case because neither party had submitted the CBA as an exhibit. Accordingly, the Magistrate Judge recommended that Defendant's motions for summary judgment with respect to Plaintiff's allegation that she was retaliated against for engaging in union activities be denied to allow the parties to submit additional briefing. The Magistrate Judge recommended that Defendant's motions for summary judgment be granted in all other respects. No party filed an objection to the Report and Recommendation. The court adopted the Report and Recommendation by order filed March 6, 2009. The case was recommitted to the Magistrate Judge for additional handling.

DISCUSSION

On March 10, 2009, the Magistrate Judge issued an order wherein he granted Defendant twenty days to more fully brief and move for summary judgment on Plaintiff's union activities

---

[1] Plaintiff also asserted a claim regarding her right to union representation that the Magistrate Judge recommended be dismissed as barred by NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975).

claims. The Magistrate Judge granted Plaintiff fifteen days to file any response in opposition, to include a discussion of exactly what union activities claims she was pursuing. On March 25, 2009, Defendant filed a motion to dismiss in each case, arguing that Plaintiff failed to bring the two claims identified in the Report and Recommendation–i.e., Plaintiff's allegations that (1) she was not allowed to come to Defendant's facility to conduct union business during her suspension period, and (2) she was not allowed to submit statements and witnesses on her behalf concerning the allegations brought against her as required by the CBA– to the attention of the agency as required by the grievance procedures set forth in the CBA. See Entry 71-1, 7-10 in C/A No. 2:07-0136; Entry 62-1, 7-10 in C/A No.2:07-1574 (citing to 5 U.S.C. § 7121(a)(1) & Article 39, Section 2, page 90 of the CBA). Defendant asserts that Plaintiff is prohibited from litigating her claim of retaliation for engaging in union activities until she has exhausted the grievance procedures set out in the CBA. According to Defendant, Plaintiff's failure to utilize the CBA's exclusive procedures for resolving labor/management disputes deprives the court of subject matter jurisdiction. See Entry 71-1, 10-11 in C/A No. 2:07-0136; Entry 62-, 10-11 in C/A No. 2:07-1574 (citing O'Connell v. Hove, 22 F.3d 463, 468 (2d Cir. 1994)).

Plaintiff filed a response in opposition to Defendant's motion on April 28, 2009. Plaintiff contends that her claims have been mischaracterized. According to Plaintiff, the two union activities claims culled by the Magistrate Judge from her filings do not comprise substantive allegations. Rather, according to Plaintiff, "these failures more aptly fall within the category of evidentiary considerations, tending to prove generally, the Defendant's consistent and habitual history of disregarding the union rights of Plaintiff–the failure to recognize those various rights obviously having circumstantial bearing upon the ultimate question of whether or not the Plaintiff was

5

wrongfully terminated in violation of her rights under the CBA." Entry 78, 4 in C/A No. 2:07-0136; Entry 69, 4 in C/A No. 2:07-1574. Plaintiff contends she is seeking damages not because she allegedly was discharged in retaliation for engaging in union activities, but because she was removed from federal service "in a manner and under those circumstances that violated her union contract, her federal statutory employment rights, and her 14th Amendment procedural and substantive due process rights." Entry 78, 4-5 in C/A No. 2:07-0136; Entry 69, 4-5 in C/A No. 2:07-1574. Plaintiff reiterates that, "for the purpose of clarification and definition of the union related claims being pursued by the Plaintiff in the current litigation and which she now claims are not subject to dismissal, she has alleged that she was improperly and illegally removed from Federal Service in violation of her union contractual rights." Entry 78, 6 in C/A No. 2:07-0136; Entry 69, 6 in C/A No. 2:07-1574. Plaintiff now informs the court that she seeks judicial review of the MSPB decision. Entry 78, 9 in C/A No. 2:07-0136, Entry 69, 9 in C/A No. 2:07-1574. For the first time since this litigation commenced in January 2007, Plaintiff filed copies of the MSPB decision and other materials from the MSPB administrative proceedings. See Entries 79, 80 in C/A No. 2:07-0136; Entries 70, 71 in C/A No. 2:07-1574.

On February 8, 2010, the Magistrate Judge issued a Report and Recommendation in which he treated Defendant's motion as a motion for summary judgment and considered exhibits and evidence submitted by both parties. See Fed. R. Civ. P. 12(d). The Magistrate Judge made a number of findings. First, the Magistrate Judge noted that the evidence supported a finding that the CBA provides the exclusive procedure for resolution of Plaintiff's claims that (1) she was not allowed to come to Defendant's facility to conduct union business during her suspension period, and (2) she was not allowed to submit statements and witnesses on her behalf concerning the allegations brought

against her. Entry 82, 5 in C/A No. 2:07-0136; Entry 73, 5 in C/A No. 2:07-1574 (citing Article 39, § 2(B) of the CBA and Affidavit of Mark Eickhoff, supervisory human resource specialist for the agency). The Magistrate Judge determined that because it is uncontroverted that Plaintiff did not file a grievance regarding these two union activities claims, summary judgment in favor of Defendant is appropriate.

Second, the Magistrate Judge opined that Plaintiff had made "a remarkable concession" in maintaining that the union activities claims described in the February 6, 2009 Report and Recommendation were not substantive claims. See Entry 82, 6 in C/A No. 2:07-0136; Entry 73, 6 in C/A No. 2:07-1574. The Magistrate Judge noted that "[s]ince the two union claims . . . were the only union claims found to be remaining from Plaintiff's filing, and since Plaintiff now affirmatively states that these issues were not themselves substantive claims, but were merely complaints about how [] the MSPB and/or EEOC *handled* her discrimination and/or unfair labor practice claims in reaching their administrative decisions, then the Defendant is entitled to summary judgment." Id.

Third, the Magistrate Judge reviewed Plaintiff's contention that she was not required to pursue the grievance procedures because she filed an appeal of her discharge to the MSPB. The Magistrate Judge noted again that "Plaintiff now concedes that the allegations set forth herein were not substantive claims in that appeal for purposes of this lawsuit, but were merely complaints she had about how her administrative proceedings were handled. Therefore, since all other claims originally presented in her lawsuits have already been dismissed, the Defendant is . . . entitled to summary judgment." Entry 82, 7 in C/A No. 2:07-0136; Entry 73, 7 in C/A No. 2:07-1574.

Finally, the Magistrate Judge determined that, to the extent that Plaintiff sought to expand her union claims, her attempt to do so was untimely. The Magistrate Judge noted that the nature and

substance of Plaintiff's union activities claims had been discussed and established in prior proceedings, and Defendant should not be required to respond to a "moving target" of allegations from Plaintiff. The Magistrate Judge noted Plaintiff had not filed objections to the February 6, 2009 Report and Recommendation wherein the two remaining union activities claims had been described as allegations "that she was retaliated against for engaging in union activity." Entry 63, 18 in C/A No. 2:07-0136; Entry 54, 18 in C/A No. 2:07-1574. The Magistrate Judge noted that Plaintiff herself had denominated her union claims as asserting "reprisal/retaliation for union related activities." See Entry 61, 16 in C/A No. 2:07-0136; Entry 52, 16 in C/A No. 2:07-1574. For all these reasons, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and the case dismissed. Plaintiff filed objections to the Report and Recommendation on March 15, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections essentially reiterate the arguments made in response to Defendant's second motion for summary judgment. Plaintiff asserts that the court should review the matter de novo and issue its own findings "consistent with Plaintiff's definition of her own claim–that she was improperly and illegally removed from Federal Service in violation of her union contractual rights." Entry 88, 5 in C/A No. 2:07-0136; Entry 78, 5 in C/A No. 2:07-1574. For the reasons discussed by

the Magistrate Judge in his Report and Recommendation, the court declines to do so. Plaintiff's objections are without merit.

## CONCLUSION

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss (Entry 71 in C/A No. 2:07-0136 and Entry 62 in C/A No. 2:07-1574) is **granted** and the cases dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 23, 2010.