**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| DEBRA J. ROACH, | ) | |
| | ) | No. 2:07-00136-DCN |
| Plaintiff, | ) | No. 2:07-01574-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DR. ROBERT M. GATES, SECRETARY OF DEFENSE, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation (R&R) that this court grant defendant's motion to dismiss and/or motion for summary judgment on plaintiff's only remaining claim of wrongful termination in retaliation for protected union activities and in violation of the Collective Bargaining Agreement. Plaintiff has filed specific written objections. For the reasons set forth below, the court adopts the magistrate judge's R&R and grants defendant's motion.

## I.  BACKGROUND

Plaintiff Debra J. Roach is a former employee of the Defense Finance and Accounting Service (DFAS), an agency of the Department of Defense. Roach originally filed a pro se complaint in federal court against defendant on January 16, 2007, alleging wrongful termination from her job as a civilian pay technician for DFAS, and a second pro se complaint in federal court against defendant on June 6, 2007. These cases were consolidated on September 25, 2007. On August 4, 2008, defendant filed a motion for summary judgment, to which Roach, represented by counsel, filed a response in opposition on September 19, 2008. On March 6, 2009, the court granted summary

1

judgment in favor of defendant on Roach's claims for retaliation under Title VII as well as her labor claims assertable under NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975).[1] The court denied summary judgment on any non-Weingarten union activity claims to allow the parties to more fully brief the issues.

On March 25, 2009, defendant filed a motion to dismiss and/or for summary judgment on Roach's remaining claims, asserting that Roach failed to exhaust her contractual remedies under the Collective Bargaining Agreement (CBA) and was barred from raising her claims for the first time in federal court. Roach filed a response in opposition on April 28, 2009. On March 23, 2010, the court granted defendant's motion and dismissed Roach's remaining claims.

Roach appealed the district court's two orders. The Fourth Circuit affirmed in part and vacated and remanded in part. The Fourth Circuit first found that Roach waived appellate review of the district court's first order, which granted summary judgment to defendant on most of Roach's claims. The Fourth Circuit then found that in the district court's second order, it erred by limiting Roach to two specific claims: that she was prevented from coming to the workplace to participate in union activities and that she was not allowed to submit statements and witnesses on her behalf regarding allegations brought against her as required by the CBA. The Fourth Circuit noted that these claims were not properly exhausted and held that Roach had also asserted a claim for termination in retaliation for her union activities and in violation of the CBA, which the district court should have considered. The Fourth Circuit then affirmed "the district

---

[1] Under Weingarten, it is an unfair labor practice for an employer to deny an employee her right to union representation at an investigatory interview in which the employer threatens disciplinary action. A court may exercise subject matter jurisdiction over a Weingarten claim only where the employee has first exhausted her administrative remedies.

court's orders with regard to all of Roach's claims except her assertion that she was improperly terminated in retaliation for her protected union activities and in violation of the CBA." Roach v. Gates, No. 10-1569, 2011 WL 915958, at *3 (4th Cir. Mar. 17, 2011). The court also specifically remanded "for a determination of whether this claim was properly exhausted." Id. at *2.

On June 22, 2011, Magistrate Judge Bristow Marchant issued an R&R recommending that the court dismiss Roach's final claim as being unexhausted and, alternatively, without merit. Roach, appearing pro se, filed objections to the R&R on July 11, 2011 and amended objections on July 27, 2011.

## II.   STANDARD OF REVIEW

### A.     Pro Se Petitions

Petitioner is proceeding pro se in this case. Federal district courts are charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints and petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### B.     Review of Magistrate Judge's Report and Recommendation

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court may adopt the portions of the R&R to which the plaintiff did not

object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration.  28 U.S.C. § 636(b)(1).

### III.  DISCUSSION

Roach makes numerous arguments and objections to the R&R.  At the outset, the court notes that it will only consider Roach's objections relating to her sole remaining claim of wrongful termination in retaliation for participation in union activities and in violation of the CBA, because all other claims have been dismissed.  Defendant argues that Roach's remaining claim must be dismissed for lack of subject matter jurisdiction because Roach failed to exhaust her administrative remedies.  Alternatively, defendant argues that even if Roach's claim were properly exhausted, the Merit Systems Protection Board's (MSPB) decision was not arbitrary or otherwise unsupported by substantial evidence.[2]  The magistrate judge agreed with defendant on both grounds for dismissal, and Roach submitted objections.  The court now takes these issues in turn.

---

[2] After Roach was terminated from her position with DFAS for failing to comply with a direct order, failing to follow instructions, and providing false information, Roach appealed her termination to the MSPB.  The MSPB affirmed the removal.

4

### I.     Exhaustion of Administrative Remedies

Employees must first exhaust the grievance procedures detailed in a union's CBA before asserting a grievance in federal court against the employer. See Vaca v. Sipes, 386 U.S. 171, 184 (1967). If a discharged employee resorts to the courts before a grievance procedure has been fully exhausted, the employer may defend on the ground that the exclusive remedies provided by the CBA have not been exhausted. Id. When the procedures of a CBA are followed, the results reached are final and binding, with some exceptions. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983).

Here, Article 39 of the CBA provides a "grievance procedure" whereby an employee can file a grievance concerning any matter relating to her employment or for a breach of the CBA. Def.'s Mot. Summ. J. Ex. 4, Art. 39, § 2(A). The process contained in Article 39 is the "sole procedure" for the resolution of grievances of employees. Id. Art. 39, § 2(B). Roach maintains that she fully exhausted the grievance procedure, asserting that she filed grievances on December 30, 2005 and February 28, 2006. See Pl.'s Am. Obj. 5-6. However, as the magistrate judge found, Roach has yet to produce any evidence showing that she exhausted this process. Mag. R&R 6. Defendant submitted the affidavit of Mark Eickhoff, a Supervisory Human Resource Specialist for DFAS, in which Mr. Eickhoff avers that DFAS records dating back to 1996 do not indicate that Roach filed any grievance under the CBA. See Def.'s Mot. Ex. 2 ¶ 5. Although Roach objects to the magistrate judge's R&R on the ground that she did exhaust the grievance process, she has not produced any evidence to substantiate her claim. Therefore, the court adopts the magistrate judge's R&R on the issue of Roach's failure to exhaust the CBA grievance process and holds that her final claim for wrongful

discharge in retaliation for her protected union activities and in violation of the CBA must be dismissed.

Roach alternatively objects to the magistrate judge's conclusion that her claim was unexhausted because, according to Roach, she filed an appeal with the MSPB and thus exhausted her administrative remedies. See Pl.'s Am. Obj. 8-11. In the February 13, 2006 "Notice of Decision" from DFAS, Roach was informed that she could challenge her removal by filing an appeal with the MSPB, filing a grievance under the CBA, or filing a complaint with the EEOC. See Pl.'s Resp. Ex. B; see also Def.'s Mot. Summ. J. Ex. 4, Art. 39, § 4 (providing that an "employee alleging discrimination or affected by a removal or reduction in grade based on unacceptable performance, or an adverse action, may at his or her option raise the matter under the appropriate statutory appellate procedure or under the provisions of this Article, but not both"). Roach has submitted an Initial Decision and Final Order by the MSPB, in which Roach appealed DFAS's action of removal and the Board affirmed DFAS's decision. See Pl.'s Resp. Ex. C, E.

Assuming that Roach did not file a grievance but instead appealed to the MSPB,[3] Roach did not raise her only remaining claim—the claim for improper termination in retaliation for her protected union activities and in violation of the CBA—to the MSPB. The MSPB only addressed DFAS's reasons for removing Roach, i.e., for failure to follow instructions, providing false information, and failure to comply with a direct order. The MPSB also addressed Roach's claim of disability discrimination. The MSPB decision lacks any indication that Roach raised her retaliation claim before the Board or that the

---

[3] "An employee cannot exhaust his or her administrative remedies by filing an EEO claim or an MSPB appeal *after* electing to file a grievance." Macy v. Dalton, 853 F. Supp. 350, 355 (E.D. Cal. 1994).

6

Board considered, directly or indirectly, that claim.[4]  Therefore, this court has no jurisdiction over Roach's final claim and it must be dismissed.  See Howland v. U.S. Postal Serv., 209 F. Supp. 2d 586, 590 (W.D.N.C. 2002).

### II.     Whether the MSPB's Decision was Arbitrary or Otherwise Unsupported by Substantial Evidence

Assuming, *arguendo*, that Roach properly exhausted her administrative remedies by presenting the improper termination claim to the MSPB, she would still need to prove that her termination was the result of retaliation.  Roach argues that her claim should be analyzed under a de novo standard, see Pl.'s Am. Obj. 9-10; however, when a plaintiff presents a "mixed" case—i.e., one that includes both discrimination and non-discrimination (e.g. retaliation) claims—only the discrimination claims are subject to de novo review in district court.[5]  Rana v. United States, 812 F.2d 887, 888 n.1 (4th Cir. 1987) ("Proper charges of discrimination entitle a plaintiff to a de novo review in district court on the discrimination issues; the nondiscrimination claims receive a record review.").  Since Roach's retaliation claim receives a record review, the court must affirm

---

[4] As the magistrate judge notes, had the MSPB actually considered the retaliation claim, it would have referenced or analyzed the factors set forth in Makky v. Chertoff, 489 F. Supp. 2d 421, 439 (D.N.J. 2007).  See Mag. R&R 8 n.10.  Since the record provides no evidence that Roach raised her retaliation claim before the MSPB, this court cannot conclude that Roach exhausted her administrative remedies in regards to that claim.  In fact, even when Roach petitioned the MSPB to reconsider her appeal, she failed to mention retaliation in any capacity, particularly under the sections asking whether the initial decision "fail[ed] to consider any important facts" or if there are "other reasons why the initial or addendum decision was wrong."  See Pl.'s Resp. Ex. D.  Roach now contends that she should not be "stuck" with the claims she pursued at the MSPB appeal, but rather be able to pursue the claims she raised through the grievance process, in which she claims she alleged discrimination as well as unlawful discharge in retaliation for protected activities.  Pl.'s Am. Obj. 9-11.  However, as previously mentioned, the record is bare of any evidence that Roach properly filed a grievance under the CBA.  Therefore, the court cannot conclude that Roach exhausted her administrative remedies in regards to the specific claim at issue in this decision either through the grievance process or through an MSPB appeal.

[5] Roach's discrimination claims, which were subject to de novo review in this court, have been dismissed.

the MSPB's decision unless it was: (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (2) "obtained without procedures required by law, rule, or regulation having been followed"; or (3) "unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Makky v. Chertoff, 489 F. Supp. 2d 421, 428-29 (D.N.J. 2007).

Here, the magistrate judge found no evidence of arbitrariness in the record with respect to the MSPB's findings. Much of the evidence relied upon by Roach is irrelevant to the issue of retaliation, her sole remaining claim. After reviewing the evidence submitted by Roach and her objections, the court agrees with the magistrate judge that, assuming Roach properly exhausted her claim, the MSPB's decision was not arbitrary or capricious or unsupported by substantial evidence. Moreover, even if this court were to review Roach's retaliation claim under a de novo standard, as Roach urges the court to do, dismissal would still be proper because DFAS provided legitimate, non-discriminatory reasons for Roach's termination.[6]

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendant's motion to dismiss and/or motion for summary judgment.

**AND IT IS SO ORDERED**.

---

[6] To establish a prima facie case of retaliation, a plaintiff must demonstrate: (1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) the employer acted with anti-union animus and had a retaliatory motive. See Makky, 489 F. Supp. 2d at 439. Once a plaintiff has established a prima facie case of retaliation, the burden shifts to the defendant to articulate "legitimate non-retaliatory reasons for its actions." Rhoads v. FDIC, 257 F.3d 373, 392 (4th Cir. 2001) (internal quotation marks omitted). Roach can satisfy the first two prongs of the analysis, see Def.'s Mot. 10; Pl.'s Am. Obj. 30, but even assuming that Roach could meet the third prong by showing retaliatory pretext, defendant could likely meet its burden by demonstrating legitimate, non-discriminatory reasons for terminating Roach. The cited reasons for Roach's termination—failure to follow instructions, failure to follow a direct order, and providing false information—are legitimate, non-discriminatory reasons for termination.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 30, 2012**
**Charleston, South Carolina**